229 So.2d 668 (1969)
STATE ROAD DEPARTMENT OF FLORIDA, an Agency of the State of Florida, Appellant,
v.
Donald M. McCAFFREY et al., Appellees.
Nos. 67-471, 68-9.
District Court of Appeal of Florida. Second District.
December 17, 1969.
Bryan W. Henry, Resident Attorney, P.A. Pacyna and Louis S. St. Laurent, *669 State Road Department, Tallahassee, for appellant.
Roe H. Wilkins, of Maguire, Voorhis & Wells, Orlando, for appellees.
PIERCE, Judge.
On re-hearing granted and re-argument on the merits, our former opinion of September 20, 1968 is withdrawn and the following opinion substituted therefor:
Appellant State Road Department of Florida, defendant below, appeals from an order on motion for summary judgment, and also from a final judgment, rendered in favor of appellees-plaintiffs.
Plaintiffs Donald M. McCaffrey and Patricia A. McCaffrey, his wife, with others, filed a complaint against the State Road Department, alleging that prior to May 28, 1965, plaintiffs owned property located on and adjoining the right-of-way line of State Road 25 in Lake County, and that on said date there existed as to their property the right of direct access for ingress and egress to State Road 25, but that on said date the Department established State Road 25 as a limited access facility which denied plaintiffs direct access to State Road 25 and they were relegated to use of a service road. Plaintiffs sought damages for loss of access.
Both the plaintiffs and the Department filed motions for summary judgment alleging no issue of fact. Affidavits and counter-affidavits were filed and the cause came on for hearing on plaintiffs' motion for summary judgment. The Court entered an order granting plaintiffs' motion and directing the Department to institute eminent domain proceedings against plaintiffs to determine proper compensation. It is from this order on motion for summary judgment that the appeal in Case No. 67-471 is brought.
The complaint was later amended to include an actual taking of a separate narrow strip of property belonging to the McCaffreys. As to this "narrow strip", decision was reserved, but later judgment was rendered in favor of the McCaffreys as to the taking of said strip, giving rise to the appeal in Case No. 68-9. The Road Department does not deny permanently taking and using the strip, approximately 100 feet in width and varying in depth from approximately 2 to 4 feet, off the eastern edge of the McCaffreys' property. In this state of the case, the final judgment in Case No. 68-9, wherein the Department is directed to institute eminent domain proceedings as to the strip actually appropriated, is hereby affirmed.
We revert to Case No. 67-471. Access for ingress and egress to one's property is a time honored right  a right which must be zealously protected and the loss of which should be compensated. It appears that the State Road Department has established a limited access facility and has constructed a service road which gives some access to plaintiffs' property. Plaintiffs are entitled to compensation for the property taken, together with damages to their remaining property caused by the establishment of said limited access facility. Damages are measured by the difference in the market value of the property before and after the taking reduced by any benefits to such property arising from the particular location of the property. Daniels v. State Road Department, Fla. 1964, 170 So.2d 846.
Where an established land service road is converted into a limited access facility, the abutting property owners are entitled to compensation for the destruction of their previously existing right-of-access. Anhoco Corporation v. Dade County, Fla. 1962, 144 So.2d 793. However, it was pointed out in the Anhoco case that where reasonable access is furnished to such owner by service roads, the resulting damages may be nominal. This would be a matter for the jury's consideration and determination based upon all the facts.
*670 The final judgment appealed in Case No. 68-9 is affirmed. The order for summary judgment to plaintiffs in Case No. 67-471 is likewise affirmed.
LILES, A.C.J., and MANN, J., concur.