254 So.2d 836 (1971)
STATE of Florida DEPARTMENT OF TRANSPORTATION and Volusia County, Appellants,
v.
Gloria BYRD et al. (Parcel Srd No. 101), (Raymond J. Asselin and Shirley J. Asselin, His Wife), Appellees.
No. O-215.
District Court of Appeal of Florida, First District.
November 30, 1971.
Howard Hadley, Winter Park, Geoffrey B. Dobson, and Barbara Ann McPherson, Tallahassee, and Duffett, Barry, Seps & Cobb, Ormand Beach, for appellants.
Kinsey, Vincent & Pyle, Daytona Beach and Bolles, Goodwin, Ryskamp & Ware, Miami, for appellees.
SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment entered pursuant to a jury verdict in an eminent domain action. The question presented by this appeal is whether the trial judge erred in refusing to admit testimony of appellants' appraiser to the effect that the taking would not result in severance damage to the remainder of appellees' property because the parking spaces provided for appellees' motel which were within the taking line could be replaced on another portion of appellees' remaining property.
Appellees' property was taken in connection with the widening of U.S. Highway A1A in Daytona Beach, Florida. The proposed improvement runs generally north and south. Immediately to the east of the highway lies a series of motels and hotels on parcels extending from the highway to the Atlantic Ocean. On the west side of the highway also lies a series of lots on which are located motels, hotels, and guest houses. The taking with which we are concerned fronts along the westerly side of the highway on a parcel on which appellees operate a motel. The portion of appellees' property being taken was being used for parking.
Appellants contend that appellees suffered no severance damage as a result of the taking of the parking spaces which were within the area of taking inasmuch as those parking spaces could be replaced and relocated on a portion of appellees' land on which a shuffleboard court was located. In essence, the State contends that the value of appellees' remaining land is not diminished by the taking. The opinion of the State's appraiser to this effect was bottomed on the view that the parking spaces lost by virtue of the taking could be re-established by placing them in the area in which appellees maintained the shuffleboard court. The expert's opinion ignores the reality of the missing shuffleboard court or if the same were to be rebuilt on yet another portion of appellees' *837 property, the expert ignores the reduction in value of a motel with smaller grounds for its guests to enjoy or perhaps lesser area for expansion.
The evidence sought to be introduced by the State was properly excluded since it is clearly based on a misconception of the law of severance damages on the part of the witness. Where the testimony of an appraiser is based on a misconception of the law, the testimony should be excluded. This court so held in Anderson v. State Road Department, 204 So.2d 899 (Fla.App. 1967), where we said at page 901:
"Sayford's misconception of the law inevitably resulted in his reaching a considerably lower valuation of the defendant's land than if he had applied the law recognized in the Sunday case, supra, and in other Florida decisions."
Parenthetically, it is the testimony of the same appraiser who was involved in the Anderson case that we consider in the case now before us. In Le Suer v. State Road Department, 231 So.2d 265 (Fla.App. 1970), this court, addressing itself to the nature of severance damages in an eminent domain case, stated the following at page 268:
"The cost of effecting physical changes or modifications in the premises necessitated by a taking are in the nature of damages to the remainder or severance damages * * *."
* * * * * *
"* * * the cost of relocating and rebuilding the various facilities which constitute the claimed business damages, are more in the nature of severance damages * * *."
It is clear to us that appellees sustained severance damages to the remainder of the land by virtue of the taking. Hence, the proffered testimony by which the State's expert attempted to voice his opinion that relocation of the parking spaces onto the remainder served to negate severance damages was properly excluded by the trial court. As observed by the trial court's order excluding the proffered testimony, the state appraiser's estimate of damages sustained by appellees is impermissibly based on a premise which would require destruction by the property owners of property which is outside the area of taking as a means of theoretical mitigation of damages.
The judgment reviewed herein is affirmed.
RAWLS and JOHNSON, JJ., concur.