SPECTOR, Chief Judge.
Appellants seek reversal of a judgment in a condemnation action and assign as error the trial court’s ruling excluding evidence as to severance damages.
Appellee condemned portions of appellants’ property in order to build 1-295, a limited access highway. Appellants sought to introduce evidence of severance damages caused by the impairment of access to the remaining property created by the relocation of the road on which the property fronted. Appellants’ property fronts on Firestone Road upon which traffic flows north and south. In connection with the taking, Firestone Road will be closed to traffic just south of the northern boundary of appellants’ property and three blocks south of the southern boundary of appellants’ property. Appellants are thereby cut off from using Firestone Road as a north-south access to their property. The trial judge held that appellants cannot recover severance damages caused by impairment of access to the remaining lands and, in effect, are placed in a cul-de-sac. We do not agree.
This court in Boney v. State Department of Transportation, 250 So.2d 650, citing Anhoco Corp. v. Dade County, 144 So.2d 793 (Fla.1962), and Benerofe v. State Road Department, 210 So.2d 28 (Fla.App.1968), held that the taking had deprived appellants of a right to use one direction of an unopen, undedicated street bordering their property, and some right of access had been destroyed for which compensation was due. In due deference to the able trial judge, we hasten to point out the judgment reviewed herein was rendered before the Boney case, supra, was decided and therefore the court did not have the benefit of that decision for its guidance.
It seems to us that if there exists a right to severance damage from the taking of an unopen street, surely in the case sub judice there is a right to severance damages from the taking of access from an apparently well traveled road.
The case at bar is also very similar to Glessner v. Duval County, 203 So.2d 330 (Fla.App.1967), where appellee had condemned appellants’ access to Highway 27, leaving them access to another secondary road. This court in that case held that landowners were entitled to recover severance damages when right of access to their property is cut off. See also State Road Department v. McCaffrey, 229 So.2d 668 (Fla.App.1969), which held that even though damage resulting from the taking of a pre-existing right of access may be nominal, it is a matter for the jury’s consideration and determination based upon all the facts.
Accordingly, the judgment appealed from herein is reversed.
CARROLL, DONALD K., J. concurs.
WIGGINTON, J., dissents.