283 So.2d 114 (1973)
Martin J. AWBREY and Wife, Ruby Awbrey, Appellants,
v.
CITY OF PANAMA CITY BEACH, Florida, a Municipal Corporation, Appellee.
No. S-149.
District Court of Appeal of Florida, First District.
September 27, 1973.
Rehearing Denied October 19, 1973.
Earl R. Duncan, Panama City, for appellants.
Thomas Sale, Jr., and Alan Thompson, Panama City, for appellee.
WIGGINTON, Judge.
Appellants instituted this action by their complaint in which they allege that appellee-municipality has constructed a sewer lift station within the right-of-way of the street immediately adjacent to their land, thereby obstructing their right of ingress and egress to and from the street. By their prayer for relief appellants seek judgment for the damages allegedly suffered by them and pray that the action be treated as one of inverse condemnation by which appellee shall be required to condemn by eminent domain appellants' right of access to the street in front of their property or, in the alternative, for a mandatory injunction requiring the removal of the obstruction from the street right-of-way. From a summary final judgment rendered in appellee's favor, this appeal is taken.
*115 Appellants are the owners of an unimproved corner lot in a platted section of appellee-municipality which has 167 feet of frontage on the sides facing Lakeview Drive and Trout Avenue. The recorded plat from which appellants deraign their title to the lot in question contains a provision by which the owners dedicate all streets, avenues, drives, circles, lanes, etc., shown thereon as public ways to be used as such. There is a strip of land approximately 30 feet wide lying between the eastern boundary of appellants' lot and the paved portion of Lakeview Drive which runs a distance of more than 115 feet. It is on this 30-foot strip of unpaved right-of-way that appellee constructed a sewer lift station beside which it erected an electric light pole. The lift station is built entirely underground but contains a manhole or access tube projecting upward a distance of about 1 3/4 feet above the ground surface with a diameter of approximately 3 1/3 feet. Appellee constructed around the manhole and light pole a guardrail of the type ordinarily used on highway embankments. The light pole which is intended as a safety measure to provide illumination sufficient to reveal the presence of the manhole and the guardrail was anchored by the customary type of guy wire to give it stability. As a result of this construction, approximately 24 feet of appellants' frontage on Lakeview Drive is obstructed to such an extent as to impede full ingress and egress from the street to appellants' lot at that point.
It is appellants' position that by the construction of the sewer lift station and the ancillary protective devices consisting of the guardrail and light pole, their right of access from their land to Lakeview Drive has been impaired to such an extent as to cause them damages for which they seek compensation. They ask the court to require appellee to either condemn their loss of access and compensate them in the form of a money judgment for such loss or, in the alternative, to require that the obstructions be removed.
The recorded plat from which both appellants and appellee deraign title contains a dedication vesting in appellee an easement in Lakeview Drive to be used as a public way. It is important to note that the easement dedicated by the owner was not restricted to street purposes only but extended to any legitimate public use for which the easement might be lawfully utilized. There can be no question but that appellee is vested with lawful authority to construct, install, improve, and maintain an adequate sanitary sewer system for the benefit of its inhabitants. There is no showing that the improvement constructed by appellee in the dedicated public way in front of appellants' property was not necessary to the maintenance and operation of its sewer system or that it created more of an obstruction than was necessary to accomplish the required purpose. It affirmatively appears that although appellant landowners' access to Lakeview Drive will be impaired to the extent of a least 24 feet of frontage on that street, there still remains approximately 143 feet of access to Lakeview Drive on the east and Trout Avenue on the north.
It is generally held that when necessary for the health, comfort, and convenience of its inhabitants, a municipality may construct and maintain in its street rights-of-way sewers, water pipes, gas pipes, and the like without liability to the abutting owner so long as such construction does not materially interfere with the owner's use and enjoyment of his property.[1]
In the early case of Selden v. City of Jacksonville[2] our Supreme Court recognized that incident to the ownership of property abutting on a street are certain rights which the public generally does not possess such as the right of egress and ingress from and to a lot by way of the street. *116 It held that these incidental rights are, under a constitutional prohibition simply against the taking or appropriation of private property, subordinate to the right of a municipality to construct within the right-of-way such improvements for public purposes as are lawfully permitted either by law or by dedication of the right-of-way. It concluded by holding that purchasers of abutting lots take with the implied understanding that the public shall have the right to erect or construct within the right-of-way such improvements as may be lawfully permitted, and that the abutting owners can sustain no claim for damages resulting to their lots from the incidental impairment of such rights to ingress and egress.
In Weir v. Palm Beach County[3] plaintiff-landowner brought an action seeking damages allegedly suffered by her as a result of the loss of access from her improved property to the avenue running in front of her business establishment and loss of access to the parking lot in the rear of her building caused by the erection of a retaining wall which required that traffic be diverted along a circuitous route in order to reach the parking area. In rejecting the claim of the landowner because the damages suffered by her were merely consequential and must therefore yield to the convenience and necessity of the public, the court said:
"The owner of property abutting a public way has a right of ingress to and egress from his property as well as a right to enjoy the view therefrom. However, these are rights which are subordinate to the underlying right of the public to enjoy the public way to its fullest extent as well as the right of the public to have the way improved to meet the demands of public convenience and necessity. If the improvement for the benefit of the public interferes with the preexisting means of ingress and egress and view enjoyed by the individual property owner, without an actual physical invasion of the land of the property owner, then again we have a situation where the individual right is subordinate to the public good and any alleged damage suffered is damnum absque injuria. This is so for the simple reason that one who acquires property abutting a public way acquires it subject and subordinate to the right of the public to have the way improved to meet the public need... .
"We, therefore, hold that the interference with the so-called consequential rights of the plaintiff under the facts alleged in this complaint are not tantamount to the `taking' or appropriation of plaintiff's property for which the Florida Constitution requires compensation."
In Anhoco Corp. v. Florida State Turnpike Authority[4] a landowner sought to recover damages suffered by it when its access to an existing conventional land service highway was destroyed as a result of the construction of a limited access highway bordering its property. Since the landowner's right of access to the highway formerly enjoyed by it was totally destroyed as a result of the highway improvement, the Supreme Court held that it was entitled to such damages as it may have suffered from the date its access to the highway was lost and the date a new service road was constructed to provide the necessary access to accommodate the landowner's business. In so holding, however, the Supreme Court recognized the distinction between those situations where a landowner's right of access to a street or highway is totally destroyed through the construction of a limited access highway as was involved in Anhoco, supra, and those other situations in which a landowner's right of access to a street or highway is merely impaired as a result of actions taken in the public interest. Drawing such distinction, the Supreme Court reverted to and reaffirmed *117 its former decision in Weir, supra, when it said:
"The rights of abutting owners may be subordinated to the public, and to that end regulated, as we held in Weir v. Palm Beach County, supra. But the situation in the present case is much more extreme. The right of access is not being regulated but is being destroyed... ."
A similar conclusion as that reached by the Supreme Court in Anhoco, supra, was reached by the Second District Court of Appeal in the case of State Road Department v. McCaffrey[5] in which it held:
"... Access for ingress and egress to one's property is a time honored right  a right which must be zealously protected and the loss of which should be compensated... .
"Where an established land service road is converted into a limited access facility, the abutting property owners are entitled to compensation for the destruction of their previously existing right-of-access... ."
The most recent decision rendered by the Supreme Court dealing with the right of the landowner to be compensated for loss of access to a street or highway is that of State, Department of Transportation v. Stubbs.[6] In that case the petitioner changed the direction of traffic on an established conventional land service highway as an incident to the construction of a new limited access highway in the area of respondent's land. As a result of the change in such traffic flow, access to respondent's land was altered and the land placed in a cul-de-sac which could be reached only by following a circuitous route from the former conventional highway. Under the facts in that case the Supreme Court agreed with the holding of this court[7] that the trial court erred in excluding from consideration by the jury the question of severance damage claimed by the landowner because of evidence which tended to establish that the availability of ingress and egress to the owner's property which previously existed had been seriously disturbed, if not destroyed.
In the case sub judice there can be no contention that appellants' right of access to Lakeview Drive as well as to Trout Avenue has been seriously disturbed or destroyed. Although concededly appellants do not have the same unimpaired access to the street which they enjoyed before the erection of the improvements by appellee, such impairment falls within the category of consequential damages which must be subordinated to and yield in the interest of the general public. It is a matter of common knowledge that governmental agencies such as cities, counties, and departments of state frequently construct and install, in street and road rights-of-way abutting private property, devices and facilities intended to promote and protect the lives, safety, and welfare of the public, such as guardrails, telephone poles, manholes, metered water lines, fire hydrants, parking meters, electric power poles, street light standards, public mail boxes, retaining walls, street and traffic signs, gas main valves, traffic retaining devices, curbs, guy wires, concrete marker posts, planted shrubbery, trees, and the like. Each of such facilities impairs to a greater or lesser degree the landowner's free and uninterrupted access to streets and highways on which their land abuts. Such loss of access is considered to be a consequential damage for which the governmental entity incurs no liability to the landowner for compensation and falls within the doctrine of damnum absque injuria.
*118 We conclude that the trial court did not err in holding that upon the undisputed facts in this case appellants' complaint fails to state a cause of action for which relief may be granted. The judgment appealed is accordingly affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] 26 Am.Jur.2d 910-911, Eminent Domain, § 225.
[2] Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457.
[3] Weir v. Palm Beach County (Fla. 1956), 85 So.2d 865, 868, 869.
[4] Anhoco Corp. v. Florida State Turnpike Authority (Fla. 1959), 116 So.2d 8, 14.
[5] State Road Department v. McCaffrey (Fla.App. 1969), 229 So.2d 668, 669.
[6] State, Department of Transportation v. Stubbs, Case No. 42,873, Opinion filed June 27, 1973, not yet reported, but pending on rehearing.
[7] Stubbs v. State, Department of Transportation (Fla.App. 1972), 265 So.2d 425.