MANN, Chief Judge.
Baredian operates a bar on Gandy Boulevard just west of Interstate 75 in St. Petersburg. The Department of Transportation left the street in front of the bar exactly as it was but built a four-lane limited access highway immediately to the north, terminating the old street a short distance east of Baredian’s bar and providing for access to the former thoroughfare by a single entrance a considerable distance west of Baredian’s property. It is clearly much less convenient to reach the property now than it was before. The trial court relied on Stubbs v. State of Florida Department of Transportation, Fla.App. 1st 1972, 265 So.2d 425. That decision was affirmed by the Supreme Court, Fla.1973, 285 So.2d 1. In that case a small portion of the landowner’s property was physically taken, so Stubbs’ recovery was predicated upon a statutory provision, Fla.Stat. § 73.-10 (1971) F.S.A. Recovery was predicated upon constitutional provisions in Anhoco Corporation v. Dade County, Fla. 1962, 144 So.2d 793. In that case there had been a total deprivation of access. If the trial court’s summary determination of liability in this case were predicated upon constitutional principle, we might transfer this petition to the Supreme Court as improvidently filed here, since the extension of the Anhoco rule to this case would involve construction of the constitution rather than the application of settled principle. Fla. Const. Article V, § 3(b)(1), F.S.A. Since the order under review is predicated on Stubbs, which allowed recovery as a consequence of a partial taking, we must hold the order to be invalid under existing law, The special concurrence of Mr. Chief Justice Carlton in Stubbs will no doubt encourage Baredian to assert in the tria1 *399 court a constitutional right to access “with reasonable convenience.”
In short, we find the statutory basis for recovery relied on by Stubbs is unavailable to Baredian. If further argument on constitutional grounds is to be made, it should be made in the trial court with review available in the Supreme Court.
Certiorari is granted. The order granting plaintiff’s motion for jury trial and inverse condemnation is quashed and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, J., and COWART, JOE A., Jr., Associate Judge, concur.