332 So.2d 155 (1976)
William E. STUBBS and Gertrude Stubbs, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. Y-285.
District Court of Appeal of Florida, First District.
May 24, 1976.
R. Lee Smith of Greene, Greene, Smith & Davenport, Jacksonville, for appellants.
Winifred Sheridan Smallwood and Geoffrey B. Dobson, Tallahassee, for appellee.
BOYER, Chief Judge.
This appeal emanates from an eminent domain proceeding. In 1969, appellee filed an eminent domain proceeding seeking to acquire two parcels of appellants' land; one parcel for non-limited access right-of-way and a second parcel for limited access right-of-way. An answer was filed by appellants seeking, inter alia, severance damages caused by the impairment of access to their remaining adjoining property. The trial judge ruled at pre-trial conference that appellants could not recover severance *156 damages. A jury was impaneled and a proffer of the testimony of appellants' expert appraiser was made but the evidence was excluded. Final Judgment was entered and appeal taken to this Court. Chief Judge Spector, speaking for the court and citing every authority relevant here, held that the learned trial judge erred and reversed.[1] Certiorari was granted by the Supreme Court of Florida which Court affirmed,[2] saying:
"Petitioner has argued orally and in briefs that the case presently under review is distinguishable from the Anhoco [Anhoco Corp. v. Dade County, Fla., 144 So.2d 793] holding in that the Respondents still have access to Firestone Road by use of the overpass which crosses Interstate 295, and therefore their right of access is not `destroyed.' We view this argument as an overly restrictive interpretation of Anhoco and not in keeping with the spirit of that decision or the cases cited above.
"A perusal of the record indicates Respondents' commercial property has been adversely affected to some degree by the loss of access resulting from their property being placed in a cul-de-sac, which was a part of the project to bring into existence Interstate 295. The availability of ingress and egress to their property that previously existed has now been seriously disturbed, if not destroyed. Ease and facility of access constitute valuable property rights for which an owner is entitled to be adequately compensated.
* * * * * *
"Where some right of access is still available, as would appear in the cause under consideration, it is for the jury to determine whether the resulting damages are nominal or substantial. See State Road Department of Florida v. McCaffrey, supra [Fla.App., 229 So.2d 668]; Stoebuck, supra at 765. (285 So.2d at page 3)
* * * * * *
"However, the right to introduce evidence at trial of severance damages resulting from physical impairment of access rather than an impairment in `traffic flow' is the subject of the litigation before this Court. To whatever other extent the language in Jahoda conflicts with our decision herein or that rendered by the District Court of Appeal, First District, at 265 So.2d 425, it is hereby expunged.
"Upon reviewing the record in this cause, we conclude that the District Court has correctly applied the law and its decision is hereby affirmed." (285 So.2d at page 4)
The law of this case has therefore been established by the prior decision of this Court and that of our Supreme Court. Nevertheless, when the case was retried, appellee's expert witness, Mr. Allen Sayford, adamantly insisted that appellants' access had not been affected, that it was "identically the same" and that appellants had sustained no severance damage.
The date of taking was December 5, 1969. Mr. Sayford's testimony was adduced in January of 1975. His opinion as to severance damages, or the lack thereof, was not related to any particular date or time.
Appellants moved to strike Mr. Sayford's testimony on the ground that it was based on a misconception of the law and on the further ground that it did not relate to the date of taking. That motion was denied.
Appellants introduced expert testimony that as of the date of taking, December 5, 1969, they suffered severance damage as a result of loss of access in the sum of *157 $24,700. The jury returned a verdict of zero. This appeal followed.
A reading of Mr. Sayford's testimony reveals that he either had a misconception of the law or refused to recognize the pronouncements of the Supreme Court of Florida above quoted.
When the testimony of an expert witness is based upon an erroneous concept of the law it should be stricken.[3]
Appellee, attempting to square Mr. Sayford's testimony with the law of this case as pronounced by the Supreme Court, urges that when Mr. Sayford repeatedly and adamantly insisted that appellants had sustained no damages he really meant that they had sustained only nominal damages. There is a difference and our reading of the record reveals that appellee's witness was not confused. He testified that there were no damages and he obviously meant that there were no damages. That the testimony based upon an erroneous conception of the law was prejudicial is demonstrated by the jury's verdict.[4]
Further, the law of Florida is clear that in eminent domain proceedings a property owner's damages must be related to the time of taking, and the testimony of the expert appraisers must be related to that time.[5]
Appellant's motion to strike Mr. Sayford's testimony should have been granted.
Reversed and remanded for a new trial.
Appellants have filed a timely motion for attorney's fees incident to this appeal. Since the learned trial judge is better equipped than are we to conduct a hearing for the purpose of receiving evidence in that regard, we remand with directions that he, after appropriate proceedings, fix and determine compensation for appellants' attorneys in accordance with the law in such cases made and provided.
IT IS SO ORDERED.
RAWLS and McCORD, JJ., concur.
NOTES
[1] Stubbs v. State Department of Transportation, Fla.App.1st 1972, 265 So.2d 425.
[2] State Department of Transportation v. Stubbs, Sup.Ct.Fla. 1973, 285 So.2d 1.
[3] Anderson v. State Road Department, Fla. App.1st 1967, 204 So.2d 899; State of Florida, Department of Transportation v. Byrd, Fla.App.1st 1971, 254 So.2d 836. (Parenthetically, it is the testimony of the same appraiser who was involved in the Anderson case and the Byrd case which we now consider in the case before us.)
[4] Anderson v. State Road Department, supra. Culbertson v. State Road Department, Fla. App.1st 1964, 165 So.2d 255.
[5] Culbertson v. State Road Department, supra and Anderson v. State Road Department, supra.