HALL, Judge.
The instant appeal arises out of a condemnation proceeding in which the appel-lee, The Board of County Commissioners of Collier County, through its power of eminent domain, took property belonging to the appellants, Samuel Hubschman, Connie Hubschman, Garrett F.X. Beyrent, Teryl Beyrent, Harrison Hubschman, and Connie Hubschman, as personal representative of the estate of Sidney Hubschman. Though the appellants were awarded $70,000 as full compensation for the taking, they claim their losses are more accurately valued at $300,000. The appellants therefore *692 contend they were prejudiced as a result of various errors which occurred at trial. In that regard, they raise three issues for review. Since, however, we find merit in their contention that the trial court erred in its instructions to the jury on severance damages, we do not reach the other issues raised by the appellants.
The appellants contend that, with regard to severance damages, the trial court improperly instructed the jury that “mere noise, fumes, and aesthetic loss are not compensable under Florida law unless the owner is substantially ousted and deprived of all beneficial use of its remaining land.” We agree that the instruction is erroneous.
Recoverable damages to the remainder include all diminution in value of the remaining land which can be attributed to the use of or activity upon the land which has been taken. Lee County v. Exchange Nat. Bank of Tampa, 417 So.2d 268 (Fla. 2d DCA 1982). Though the instant record discloses no evidence of damage to the appellants’ remaining property because of potential noise and fumes, there is evidence of aesthetic loss to the property due to the anticipated placement of large effluent tanks thereon.
Since severance damages encompass all diminution in value to land remaining after a taking, including aesthetic loss, and it is uncontroverted that the entire damage to the appellants’ remaining 7.8 acres will be caused by the county’s use of the 1.2 acres taken, the trial court erred in its instruction to the jury advising them that any loss due to aesthetics was not compensable.
We therefore reverse and remand for a new trial.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.