PER CURIAM.
We reverse and remand for a new trial on the authority of Williams v. State Department of Transportation, 579 So.2d 226 (Fla. 1st DCA1991), and State Department of Transportation v. Byrd, 254 So.2d 836 (Fla. 1st DCA1971). These cases stand for the proposition that the government, when attempting to prove cost-to-cure severance damages, cannot present evidence of proposed alterations to a con-demnee’s property when those alterations are predicated upon the grant of a variance from the controlling zoning authority.[1] Here, virtually the government’s entire case on cost-to-cure was predicated upon speculation that such variances would be granted to permit the appellants to relocate *583 and reconstruct parking facilities lost by virtue of the taking. In addition, the government’s experts failed to consider any loss to the condemnees by virtue of the appropriation of other areas of their property for parking. See Williams, 579 So.2d at 229.
While we agree with appellants that a new trial is required, we admit concern over the government’s claim that it should be allowed to present evidence as to the possibility of a variance, much in the same way that a property owner may submit evidence that its property should be valued at its highest and best use even if that use would require a change in zoning. Here, the variances in question involve parking regulations in the building and zoning code rather than rezoning of the property.
Florida cases have held that the reasonable probability of rezoning is a factor the trier of fact may consider when determining the value of condemned land. See, e.g., Board of Comm’rs of State Insts. v. Tallahassee Bank & Trust Co., 100 So.2d 67 (Fla. 1st DCA1958) (Tallahassee # 1); Board of Comm’rs of State Insts. v. Tallahassee Bank & Trust, Co., 108 So.2d 74 (Fla. 1st DCA1958) (Tallahassee # 2), cert. quashed, 116 So.2d 762 (Fla.1959); City of Miami Beach v. Buckley, 363 So.2d 360 (Fla. 3d DCA1978), cert. dismissed, 374 So.2d 98 (Fla.1979).
The county argues that rezoning and variances are sufficiently analogous to require application of the above-cited cases. In fact, the county relies on language from our supreme court to the effect that “to grant a variance or exception is to rezone.” Troup v. Bird, 53 So.2d 717, 720 (Fla.1951). Arguably, the language used in some of the cases cited above is broad enough to support the county’s position. For instance, in Tallahassee # 2, the first district announced the rule, based on a “consistent line of modern authority,” that:
[E]ven though an existing municipal zoning ordinance may prohibit the use of property for stated purposes at the time of condemnation, nevertheless, if there is a reasonable probability that the ordinance may be changed or an exception made in the foreseeable future, then the value for such use as may be included in the amendment or exception may be considered.
108 So.2d at 83. Given the fact that a variance is also known as an exception to a zoning ordinance, this language suggests that the possibility of obtaining a variance in the near future may be considered by a jury. In fact, a few jurisdictions have permitted consideration of the reasonable probability that a variance will be granted. See, e.g., Sorenson Transp. Co., Inc. v. State, 3 Conn.App. 329, 488 A.2d 458, cert. denied, 196 Conn. 801, 491 A.2d 1105 (1985); In re Old Riverhead Road, 48 Misc.2d 39, 264 N.Y.S.2d 162 (N.Y.Sup.Ct.1965). For the reasons expressed in Williams and Byrd, we decline to follow these holdings. See supra note 1.
However, because of our concerns, and in order to allow the government the opportunity to seek further review of this important issue, we hereby certify the following to the supreme court as an issue of great public importance:
MAY THE GOVERNMENT SUBMIT EVIDENCE THAT THE SEVERANCE DAMAGES OF A CONDEMNEE MAY BE CURED OR LESSENED BY ALTERATIONS TO THE CONDEMNEE’S PROPERTY WHEN THOSE ALTERATIONS REQUIRE THE GRANT OF A VARIANCE FROM THE APPROPRIATE GOVERNMENTAL ENTITY HAVING ZONING JURISDICTION OVER THE PROPERTY?
ANSTEAD and HERSEY, JJ., concur.
LETTS, J., concurs in conclusion only.

. In Byrd, on facts similar to those here, the First District reasoned:
[T]he state appraiser's estimate of damages sustained by appellees is impermissibly based on a premise which would require destruction by the property owners of property which is outside the area of taking as a means of theoretical mitigation of damages.
Byrd, 254 So.2d at 837. In Williams, in addition to following Byrd, the court also held:
But it was not the province of the jury to determine whether the Department’s proposed cures met the requirements of the code based on the witnesses’ opinions or whether it was possible to obtain a variance for any deviations therefrom. The trial court committed reversible error in allowing Varnum to testify, over objection, on these questions of law and in submitting these questions to the jury.
Williams, 579 So.2d at 231.