106 So.2d 870 (1958)
Frances J. JAHODA, Appellant,
v.
STATE ROAD DEPARTMENT, Appellee.
No. 570.
District Court of Appeal of Florida. Second District.
November 21, 1958.
A.B. Angle and Morison Buck, Tampa, for appellant.
Richard B. Austin, Tallahassee, for appellee.
SHANNON, Judge.
This appeal arises out of a condemnation proceeding in which appellant was awarded $2,200 for a portion of her property taken and damages to the remainder.
The appellant has set forth three points of law in her brief. We will only discuss the first point and the others will stand affirmed.
In her first point the appellant states:
"Did the Court err in refusing to admit expert evidence showing damage to the remainder of defendant's property as result of the relocation of the highway in relation to defendant's property resulting in loss of through highway frontage for commercial purposes?"
The appellee, being dissatisfied, with the words used in the point of law suggests that a more correct statement to be argued is:

*871 "Does the defendant have such an interest in traffic passing along the highway abutting his property as to require payment for the loss of such traffic?"
The facts in the case are quite simple. The appellant owned approximately nine acres of land lying to the south of Highway 92, and the appellee, in constructing the new roadway, which lies to the north of Highway 92, condemned a portion of the appellant's property, .43 acres. This was a triangular piece of land lying in the corner of Garden Lane and Highway 92. This taking was in conjunction with a new highway being built, which veers from appellant's land just to the west and will not touch her land at all. The new highway will by-pass, to a large extent, Highway 92, and hence Highway 92 will become a secondary road.
The question which we have before us encompasses the basic question of whether or not the lower court was in error in disallowing in testimony the reduction in value of the appellant's remaining land by reason of rerouting traffic over the new highway. We have been cited to no cases in Florida nor have we found any directly on this question.
The Florida Statutes, 1957, § 73.10(2), F.S.A. provides as to compensation:
"The amount of such compensation shall be just compensation. Just compensation shall be the value of the property appropriated, irrespective of any benefit from any improvement proposed by the petitioner. The defendant property owner shall also be awarded compensation for damages, if any, to his remaining adjoining property."
The appellant urges that this case does not involve a mere diversion of traffic whereby a land owner abutting a highway suffers damage from loss of business and commercial traffic by the building of the new highway, which diverts the flow of traffic away from his property. But, as emphasized in the appellant's brief, she is complaining for the reason that the appellee's project has relocated the highway and has, at the same time, and as part and parcel of the improvement, taken a portion of appellant's land without compensating her for damage to the remainder.
The appellant had owned this land approximately thirty years. It had 521 feet of frontage with a modest dwelling set back from the highway and facing the road known as Garden Lane. The property had been zoned as agricultural although at the trial various witnesses gave it as their opinion the best use of such property was commercial. There had previously been a commercial enterprise on the land known as Tampa Rabbit Ranch, although from the testimony it was not presently operated. The jury verdict was for the value of the land taken and damages to the remainder of her property.
We quote from the record a portion of the testimony of appellant's expert witnesses on cross-examination:
"By Mr. Henry: Q. Did I understand you correctly, Mr. Copeland, in that this severance damage of $5,875 is for the loss of highway frontage or is it for diversion of traffic onto another highway? A. My opinion is that it is for loss of highway frontage because it will not be on the highway.
"Q. Is that figure for diversion of traffic to another road? A. You can call it whatever you like. It will not be on a main highway.
* * * * * *
"Q. Now, the damage for which you have assessed some $5,875, as I understand you, is because east and west of this property your major flow is being diverted to the north? A. That is correct.
"Mr. Henry: If the Court please, we at this time, move to strike that *872 figure of $5,875, testified to by this witness, and request the court to instruct the jury to disregard it as an improper element.
"The Court: I think that's correct, Mr. Buck. You have asked him to value the damage on the diversion of traffic.
"The Court: I'm going to sustain the motion to strike that testimony."
It is contended that the court erred in thus striking appellant's evidence as to the reduction in value of her remaining property.
Appellant relies mainly upon the Alabama case of Pike County v. Whittington, 1955, 263 Ala. 47, 81 So.2d 288, 292, in which there was a dissent concurred in by two justices. In the Whittington case, supra, the majority opinion states in part:
"These authorities point unwaveringly to the conclusion that the relocation of the highway, thereby diverting the flow of traffic from in front of appellee's place of business, is a circumstance to enter into the question of the amount of the condemnee's damage and this circumstance is one of which the jury should be informed and the question left to their ultimate decision."
The majority opinion in the Whittington case, supra, cites as authority Alabama cases. Without attempting to analyze these cases, we think the dissenting opinion clearly sets forth the great majority rule in the United States and it is persuasive to us. Thus, we quote from the dissenting opinion in the Whittington case, supra:
"The following illustrates the result reached by the majority. A and B could be adjacent landowners, each fronting 200 feet on a state highway. A's lot is 200 yards deep. B's lot is only 198 yards deep. Each has a filling station and grocery store facing the highway and do a comparable business. The highway is relocated so as to pass 199 yards behind their places of business. It thus takes one yard of A's property but takes none of B's. A would be entitled to compensation because the flow of traffic on the old highway was taken away from him while his neighbor B would, under practically all the decisions in all the states, be entitled to nothing. Pruett v. Las Vegas, Inc., 261 Ala. 557, 74 So.2d 807. There is something about such a result which to me seems unfair and unjust. The Supreme Court of New Mexico in a unanimous decision in 1945 in the case of Board of County Com'rs of Santa Fe County v. Slaughter, 49 N.M. 141, 158 P.2d 859, 860, in dealing with the exact problem facing us said:
"`The general rule for arriving at just compensation for property not taken but adversely affected is the so-called "before and after" rule; and this poses the question: What was the value before the taking; and what is now the market value after the taking? The owner of the property, ordinarily, is entitled to receive the difference between these sums. 20 C.J. 730; 29 C.J.S. Eminent Domain § 139. However, the vast majority of the courts approve a definite exception to this rule in that it is recognized that there are elements of damage for which no compensation will be given even though the market value may be adversely affected. 20 C.J. 779, 29 C.J.S. Eminent Domain § 162. Specifically, with reference to this case, the rule is that ordinarily no person has a vested right in the maintenance of a public highway in any particular place. That exception is based upon the consideration that the State owes no duty to any person to send public traffic past his door. See cases cited in 118 A.L.R. 921.'"
*873 In studying the question here we have come to the conclusion, as did the dissenting justices in the Whittington case, supra, that the holding in the case of Board of County Com'rs of Santa Fe County v. Slaughter, 1945, 49 N.M. 141, 158 P.2d 859, is the more fair, practical and reasonable rule than the rule for which appellant is here contending.
Affirmed.
KANNER, C.J., and ALLEN, J., concur.