PER CURIAM:
Appellant landowners assert insufficiency óf a $31,000.00 condemnation award. The-condemning authority took approximately 1.69 acres of appellants’ 27.5 acres of contiguous unimproved land as part of an area essential to. the construction of an overpass, and cloverleaf at the intersection of Dale Mabry Highway and Hillsborough Avenue in the city of Tampa.
Appellants assert inter alia, that their - corner acreage was ideal for a shopping-center but that loss of access to the Dale-Mabry and Hillsborough thoroughfares reduced 'the value for that purpose. Specifi-- *55 cally, the condemned strip is to be used for construction of a one-way traffic service road or ramp facilitating east bound traffic on Hillsborough Avenue turning right or south onto Dale Mabry Highway.[1] Appellants assert that the ramp is to-be bordered by a drainage ditch which will sever all direct' access to their “corner” and that there is no evidence that they will have indirect access to their land. Contending that the resulting damages to their land is in excess of $76,000.00 instead' of the $31,000.00 as found by the jury, the landowners appealed.
The appellee denies that the remaining property has been damaged to an extent above which appellants have been compensated and asserts that the construction merely changes the area traffic pattern; that inconvenience - due to a change in traffic pattern is not compensable-;. that appellants have not lost their right to ingress and egress inasmuch as “access” -was not condemned; and that the corner is more accessible now than before the condemnation.
Prior to construction appellants owned a frontage of approximately 693 feet-on Dale Mabry Highway and 1800 feet on Hills-borough Avenue bordered partly by a small turn out road permitting vehicles traveling east on Hillsborough to turn right onto Dale Mabry. Existing drainage ditches varying 15 to 30 feet wide and from 4 to 6 -feet deep ran parallel to both rights of way; but four culverts permitted access to the property. There was also access to Dale Mabry Highway from bordering West Crest Avenue which was undisturbed.
The appellee did not seek to condemn the right of way for construction of any limited access facility and the court specifically ruled that there was no destruction of access to the property. Appellee contends that after construction, accessibility has been improved. No curbs or gutters have been installed; appellants’ land still borders the same two thoroughfares and the deep-wide ditches previously bordering the land have been replaced by a smaller shallow ditch which can be easily bridged, through' the use of culverts. The appellee further shows that the construction effects only a change in traffic pattern viz.: the sharp turn to the south onto Dale Mabry Highway was altered to a longer and broader curve permitting motorists to make the turn without stopping.
The regulation of the east bound flow of traffic on Hillsborough Avenue does not constitute legal impairment of appellants’ access to. Hillsborough Avenue, Dale Mabry. Highway .or. the ramp road.. The State owes no duty, to any person to send public traffic past his door, and inconvenience from diversion of traffic due to changes in street patterns is normally not compensable. See e. g. Jahoda v. State Road Department, Fla.App.1958, 106 So.2d 871. Appellants have not demonstrated that this case provides any exception to the general rule. The right of ’ access to the thoroughfares was neither condemned nor destroyed, and other points of ingress and egress have not been impaired in any maní ner whatsoever.
There appearing no error, the judgment appealed will not be disturbed.
Affirmed.
SMITH, C. J., and WHITE, J., and MELVIN, WOODROW, Associate Judge, concur.

. Construction of the subject overpass and cloverleaf has since been completed.