CARROLL, DONALD K., Judge.
A defendant in a condemnation action has appealed from a final judgment entered by the Circuit Court for Escambia County.
The sole question presented for our determination in this appeal is whether that court committed reversible error by ruling in a pre-trial order that the appellant was not entitled to introduce evidence of severance damages for loss of access in the absence of proof of loss of ingress and egress.
The appellees’ position in this appeal is that the trial court correctly so ruled because no limited access has been taken by the appellees in this eminent domain proceeding, as reflected by the petition in condemnation, by the trial court’s findings, and by the appellant’s own statements; and that, in the event of a later limited access taking, the appellant will be compensated, but until such time speculative damages may not be considered. This position strikes us as sound under the statutory and decisional law of this state.
Section 73.021, Florida Statutes, F.S. A., requires that a petition in condemnation state the estate or interest which the petitioner intends to acquire and the use for which the property is to be acquired. The petition before us states that the land in question is necessary for the purpose of constructing and maintaining a state highway. The petition does not seek to condemn land for a “limited access” highway, nor does it seek to condemn air, view, and light. As the District Court of Appeal, Second District of Florida, indicated in Meltzer v. Hillsborough County, 167 So.2d 54 (1964), the question of whether or not limited access is taken in an eminent domain proceeding, may be determinable from the petition.
In the pre-trial order the court recognized that a limited access was not being taken, saying: “We are not concerned here with a limited access taking, so there is *30 no question of destruction or compensable impairment of access at this time.”
In his appellate brief the appellant admitted that he had “no evidence to introduce to the effect that the State intended to construct a limited access facility or intended to build any physical barricade which would impede ingress or egress, as a result of the project contemplated at the time of filing the suit.”
In essence, then, the trial court was simply confronted with a situation in which the appellant sought to’ introduce evidence of damages resulting from the taking of a right of ingress and egress when there was no showing that any such taking had occurred or would occur. Under those circumstances the court properly held that such evidence was inadmissible.
 In so holding, we recognize the rule that, where a limited access is taken, the abutting property owners are entitled to compensation for the destruction of their previously-existing right of access. Anhoco Corporation v. Dade County, 144 So.2d 793 (Fla.1962). We here apply the well-settled converse of this rule — that, where there is no limited access, such owners are not so entitled. See Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394 (1906).
This does not mean, of course, that, if the appellant’s right to ingress and egress is later taken or legally impaired, he would be remediless, for, in that eventuality, as the appellees point out in their brief the appellant would have a remedy “by an injunction, by an inverse condemnation action, or some similar remedy.”
The most nearly analogous case is that first cited above: Meltzer v. Hillsborough County. In that case the condemning authority took approximately 1.69 acres of the appellants’ 27.5 acres of continuous unimproved land as part of an area essential to the construction of an overpass and cloverleaf at a certain intersection in the City of Tampa. The appellants were awarded $31,000 for the taking, and asserted on appeal that the award was insufficient, claiming the loss of their right to ingress and egress. The Second District Court of Appeal, in effect, rejected this claim and affirmed the judgment appealed from, saying: “The appellee did not seek to condemn the right of way for construction of any limited access facility and the court specifically ruled that there was no destruction of access to the property.”
For the foregoing reasons the final judgment appealed from herein must be and it is
Affirmed.
WIGGINTON, C. J., and RAWLS, J., concur.