SPECTOR, Chief Judge.
Appellants seek reversal of a final judgment in condemnation, entered subsequent to denial of their motion for new trial and granting appellee’s motion for remittitur. A jury verdict of $5,500 was reduced to an award of $525 upon entry of the remittitur. Appellee sought appellants’ property in the eminent domain proceeding below to acquire land for Interstate Highway 1-295, a limited-access road.
Appellants persuasively argue that severance damages — damages to their remaining land as a result of the taking — are present in this case. Although the taking has deprived them of a right to use one direction of an unopen, undedicated street bordering their property, nevertheless, some right of access, albeit previously unused, has been destroyed. We feel the facts below require application of the rule of law recognized in Benerofe v. State Road Department, 210 So.2d 28, 30 (Fla.App.1968):
“ * * * [WJhere a limited access is taken, the abutting property owners are entitled to compensation for the destruction of their previously-existing right of access. Anhoco Corporation v. Dade County, 144 So.2d 793, (Fla.1962).”
See also Glessner v. Duval County, 203 So.2d 330 (Fla.App.1967). ,
It is apparent from the argumentation reflected in the briefs that the entry of the remittitur about which appellant complains was predicated upon the trial court’s belief that there was no severance damage to the remainder of appellants’ land after the taking; and, hence, the jury verdict before us was required to be limited to the actual value of the land taken. Application of the rule cited above from the Benerofe case impels the contrary conclusion. Thus, the entry of the remittitur effectively took away the jury’s right to award appellants severance damages resulting from the destruction of the previously existing right of access. When viewed in this light, entry of the remittitur was error.
Therefore, the final judgment in condemnation and the order of remittitur must be reversed and this cause remanded with directions to reinstate the jury verdict of $5,500. In all other respects, the final judgment is affirmed. We have considered appellants’ remaining points and find them to be without merit.
Affirmed in part, reversed in part and remanded with directions.
CARROLL, DONALD K., and JOHNSON, JJ., concur.