WIGGINTON, Judge
(dissenting).
I regret that I must respectfully dissent from the majority opinion rendered herein.
Appellants seek review of a final judgment entered in an eminent domain proceeding by which the State Department of Transportation acquired a small triangular *427 portion of a corner lot owned by appellants and consisting of 0.03 acres, more or less. This controversy arises over the question of whether appellants should have been permitted to introduce evidence of severance damages which they claim they suffered as a result of this taking.
Appellants own a 15-acre parcel of land in Duval County on which they operate a trailer court and which was accessible by Firestone Road which runs generally in a north-south direction. Because of the construction of Interstate Highway 295, it was considered necessary to abandon a portion of Firestone Road adjacent to appellants’ land and to relocate the road by constructing an overpass which crosses over Interstate Highway 295 from the east and terminates as a dead-end road west of the interstate highway at appellants’ property. In connection with this relocation, the small parcel of land owned by appellants is sought to be acquired in this proceeding. It is admitted that prior to this suit appellants’ land was accessible to automobile traffic moving both north and south on Firestone Road. After this taking, due to the abandonment of the part of Firestone Road adjacent to appellants’ property, it may now be reached only by traversing the overpass from the east side of the interstate highway to the west side thereof, leaving appellants’ property in a cul-de-sac. It is because of this impairment of access to their property that appellants sought severance damages in this proceeding. The trial court ruled that since appellants’ land still was accessible to Firestone Road by use of the overpass, no severance damages were allowable.
It appears to be the weight of authority in the United States that a landowner is not entitled to severance damages due to impairment of his access to the public road or highway system resulting from the relocation or reconstruction of roads and highways if, after the taking, he is able to get from his land to the public highway system with reasonable convenience. Nichols, in his work on eminent domain, says:
“. . . perhaps the weight of authority in this country that when a portion of a street is obstructed or discontinued by authority of law, even if the constitution or statutes in force require that the owners of property damaged by such discontinuance or obstruction shall be compensated, the owner of land abutting upon such street (but not upon the portion obstructed or discontinued) is not entitled to compensation, if his land may still be reached from the other direction. . . . ”[1]
In Jahoda v. State Road Department,[2] the Second District Court of Appeal held:
“' “The general rule for arriving at just compensation for property not taken but adversely affected is the so-called ‘before and after’ rule; and this poses the question: What was the value before the taking; and what is now the market value after the taking? The owner of the property, ordinarily, is entitled to receive the difference between these sums. 20 C.J. 730; 29 A C.J.S. Eminent Domain § 139, p. 573. However, the vast majority of the courts approve a definite exception to this rule in that it is recognized that there are elements of damage for which no compensation will be given even though the market value may be adversely affected. 20 C.J. 779, 29A C. J.S. Eminent Domain § 162 [p. 696]. Specifically, with reference to this case, the rule is that ordinarily no person has a vested right in the maintenance of a public highway in any particular place. That exception is based upon the consideration that the State owes no duty to any person to send public traffic past his door. See cases cited in 118 A.L.R. 921.” ’ ”
*428 In Wofford v. North Carolina State Highway Commission[3] the owner of land sought severance damages claimed to have been suffered by him by the blocking of a street on which his land abutted, leaving his property in a cul-de-sac which had access to the highway system only by a more inconvenient and circuitous route. The court held that under the circumstances of that case severance damages were not recoverable for the impairment of the landowner’s access to the public highway. A similar ruling was rendered by the Supreme Court of Florida in the case of Jacksonville, T. & K. W. Ry. Co. v. Thompson[4] in which damages were claimed for the loss of indirect access to the public road as the result of the construction of a railroad track.
Appellants rely for reversal on the decisions rendered by this court in the cases of Boney v. State, Department of Transportation[5] and Glessner v. Duval County,[6] and on the decision rendered by the Supreme Court of Florida in Anhoco Corporation v. Dade County.[7] Each of the foregoing cases involved the condemnation of land for limited access highways and roads which completely destroyed the landowner’s direct access to the public highway system. In contrast, the case sub judice involved only the loss of indirect access to Firestone Road as it had been enjoyed in the past but under circumstances which continued to afford access of appellants’ property to Firestone Road by using the overpass which crossed over Interstate Highway 295. For these reasons, the foregoing decisions are not authority for the position taken by appellants herein.
For the foregoing reasons I am of the opinion that the trial court was correct in denying appellants the right to offer evidence concerning alleged severance damages suffered by them because of the condemnation of a portion of their property for use in relocating Firestone Road in this case. I would therefore affirm the judgment appealed.

. 2A Nichols on Eminent Domain, § 6.-4443(3), (Third Edition).

. Jahoda v. State Road Department, (Fla.App.1958) 106 So.2d 870, 872.

. Wofford v. North Carolina State Highway Commission, (1965) 263 N.C. 677, 140 S.E.2d 376.

. Jacksonville, T. & K. W. Ry. Co. v. Thompson, 34 Fla. 346, 16 So. 282.

. Boney v. State, Department of Transportation, (Fla.App.1971) 250 So.2d 650.

. Glessner v. Duval County, (Fla.App.1967) 203 So.2d 330.

. Anhoco Corporation v. Dade County, (Fla.1962) 144 So.2d 793.