McNULTY, Chief Judge.
The question before us in this condemnation action relates to severance damages for the impairment of access resulting from the construction of an overpass on U.S. Highway 19 at a point which passes in front of appellees’ commercial shopping center.
The property involved lies in the southwest corner of the intersection of State Road 60, going east and west, and U.S. Highway 19 which goes north and south. Increased traffic congestion required the construction of an overpass on U.S. Highway 19, over State Road 60. Sufficient lands were condemned by appellants to accomplish this, as a result of which direct access to U.S. Highway 19 is cut off to the users and potential users of appellees’ shopping center. Instead, access from U.S. Highway 19 can now be had only through the use of alternate routes or service roads. The net practical effect is that northbound traffic on U.S. Highway 19 must travel an additional 100 yards to reach appellees’ premises while southbound traffic is required to travel an additional 123 yards.
At trial, there was no real dispute as to the value of the lands actually taken for the project. As noted, the substantial issue involved alleged severance damages associated with the question of access. Appellees contended that they had suffered approximately $1,000,000 in severance damages because of the loss of direct access to U.S. Highway 19. To the contrary, appellants’ two experts testified that there were no substantial severance damages at all to ap-pellees’ remaining property.
The jury awarded $9,060, as the value of the lands actually taken, but found no severance damages. Accordingly, nothing was awarded therefor. The trial court granted appellees’ subsequent motion for a new trial concluding that the verdict was contrary to the law and evidence in that it awarded nothing for the loss of “direct’ access to U.S. Highway 19. We think the court erred and reverse.
Section 338.04, F.S.1971, first enacted in 1955, provides that the highway authorities of the state may acquire private or public property or property rights, “including rights■ of access,” for the construction of limited access facilities and service roads. Our Supreme Court in Anhoco Corp. v. Dade County[1] has held that this section *1280 “specifically required” compensation for destroyed rights of access under the provision of that section. But as we understand the law, the right to such compensation doesn’t depend upon whether the right of access taken was a direct route of access; rather, it appears the question is whether, where as. here some right of access is still available,' there has been a substantial diminution in access as a result- of the taking.[2] It is rudimentary, of course, that it is for the jury to determine whether such diminution in access is nominal or substantial.[3]
, Here, the trial judge instructed the jury in pertinent part as follows:
“You are instructed that a property owner has a right of access to the property from an existing street or highway which right may not be taken unless he is adequately compensated therefor. While you may not compensate a property owner for the mere changing of access caused by the taking and construction, nevertheless, if you find that the property owner’s access has either been eliminated or has been substantially impaired, then you must compensate the property owner for such elimination [or] substantial impairment; and in making such award you are to be guided by the evidence that has been presented in the trial of this case.
U * * *
“You are instructed that access for ingress and egress to owner’s property is a time-honored right — a right which must be protected and the loss of which should be compensated. It appears that the Department of Transportation has barred direct access to U.S. 19 in front of the property of A.B.S., Inc., and has constructed a service road which gives some access to the property of A.B.S., Inc. A.B.S., Inc., is entitled to compensation for the property taken, together with damages, if any, to its remaining property caused.” [Italics added.]
Clearly, the first-quoted paragraph is substantially correct. But the second paragraph is incorrect insofar as it may mandate compensation for the loss of “direct” access to U.S. Highway 19. In its latter portion, however, this second paragraph is amenable to the interpretation that compensation is payable for resultant damages, “if any,” to the remaining properties. This was the interpretation obviously given by the jury since they didn’t find “any.”
The trial judge thought that as a matter of law they should have, however, because, as indicated, he granted the new trial on the basis that there was, undisputedly, a taking of direct access for which he thought compensation ought be awarded. We hold he was in error not only in the granting of the new trial, loss of “direct” access not being the criterion, but also the giving of the second above-quoted paragraph of the charge. However, the error in giving the charge was most favorable to appellees, so they can’t be heard to complain about the error itself; and since the jury obviously disregarded it insofar as it did require compensation for loss of direct access, appellees can’t be heard to complain about that either, because the expert testimony amply supported the jury’s obvious finding that the severance damages, “if any,” for the impairment of access were nominal.
In view thereof, the order granting a new trial should be, and the same is hereby, reversed, and the cause is remanded for the entry of a judgment on the verdict.
HOBSON and BOARDMAN, JJ., concur.

. (Fla.1962), 144 So.2d 793.

. See State Department of Transportation v. Stubbs (Fla.1973), 285 So.2d 1.

. Id.