381 So.2d 1090 (1979)
CAPITAL PLAZA, INC., Appellant,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION and Leon County, Appellees.
No. LL-232.
District Court of Appeal of Florida, First District.
October 11, 1979.
Rehearing Denied December 20, 1979.
*1091 David W. Foerster of Foerster & Hodge, Jacksonville, for appellant.
Margaret-Ray Kemper and H. Reynolds Sampson, Tallahassee, for appellees.
McCORD, Acting Chief Judge.
This appeal is from a final judgment in an eminent domain proceeding awarding to appellant compensation consisting of the value of the land taken and severance damages. We reverse.
Appellant is the owner of an automobile service station facility located on the south-west corner of the intersection of Thomasville Road and Glenview Drive in Tallahassee. By these proceedings, appellees acquired 1263 square feet of appellant's service station facility to be used in a reconstruction of Thomasville Road from a two-lane facility to a six-lane facility with a raised four-foot-high median dividing the driving lanes. Prior to the taking, the service station had unimpaired access to and from all lanes running in each direction of Thomasville Road and Glenview Drive. Appellant argues that the four-foot-high median in the center of the reconstructed Thomasville Road will obstruct access to the service station property from the northbound roadway lanes for automobiles coming in or going out of the station. It contends that the trial court erred in ruling that no evidence would be received concerning the impairment of access to and from the service station by reason of the construction of the raised median, notwithstanding that the appraiser for appellees would testify to greater severance damages if such testimony were allowed. The primary question on this appeal is as follows: Whether the jury, upon proper instruction, should have been allowed to receive evidence on the question of substantial impairment of access due to the existence of the median  not for the purpose of awarding damages therefor as a separate item but only for the jury's consideration of such evidence in connection with its overall consideration of the condemnation in relation to severance damages, if any. Appellees contend that such evidence is not admissible; that the construction of the median is an exercise of the state's police power, and the jury may not consider any diminution in access to the property resulting from the median construction in arriving at its award.
The above question is resolved by the opinion of the Supreme Court in State Department of Transportation v. Stubbs, 285 So.2d 1 (Fla. 1973). Stubbs involved a situation in which a portion of the landowner's property was taken in connection with the building of Interstate 295, a limited access highway. The landowner's property there, prior to the taking, was accessible to automobile traffic moving both north and south on Firestone Road on which the property fronted. After the taking, access to the landowner's property could only be gained by traversing an overpass from the east *1092 side to the west side of the interstate highway. The landowner's loss of access in Stubbs was more accentuated than any loss of access to appellant's property here. The principles of law announced in Stubbs, however, apply equally to the present case.
The Supreme Court said:
"Ease and facility of access constitute valuable property rights for which an owner is entitled to be adequately compensated."
* * * * * *
"The important question is whether there has been a substantial diminution in access as a direct result of the taking. What is `substantial' is a question of fact posing practical problems of proof for the jury's consideration. Where some right of access is still available, as would appear in the cause under consideration, it is for the jury to determine whether the resulting damages are nominal or substantial. See State Road Department of Florida v. McCaffrey, [229 So.2d 668 (Fla. App. 1969)] supra; Stoebuck, supra at 765."
* * * * * *
"... In a situation of this kind where a portion of one's property and/or access rights to an existing road is taken for limited access road purposes, Section 338.04 as construed in the Anhoco case requires consideration by the jury of severance damages for loss of access rights."
The court went on to point out in Stubbs that "access," as a property interest, does not include a right to traffic flow even though commercial property might suffer adverse economic effects as a result of a diminution in traffic. It held that one has a right to introduce evidence at trial of severance damages resulting from physical impairment of access rather than for an impairment in "traffic flow."
In the case sub judice, appellant was entitled to have the jury consider, as a part of severance damages, evidence relating to the median which, although it did not completely prevent vehicles approaching from the south from reaching the station and vehicles leaving the station from reaching the northbound traffic lanes (in both instances over a more circuitous route), it did eliminate the free access as to the northbound lanes which existed prior to the taking. As stated in Stubbs:
"[I]t is for the jury to determine whether the resulting damages are nominal or substantial."
It was, thus, error to exclude this testimony from the jury's consideration under proper instruction by the court. Cf. Simkins v. City of Davenport, 232 N.W.2d 561 (Iowa 1975).
We have considered the remaining point raised by appellant and find it to be without merit.
REVERSED.
BOOTH, J., concurs.
LARRY G. SMITH, J., dissents.
LARRY G. SMITH, Judge, dissenting.
In my opinion State Department of Transportation v. Stubbs, 285 So.2d 1 (Fla. 1973), and Anhoco Corporation v. Dade County, 144 So.2d 793 (Fla. 1962), do not authorize or require award of compensation for damages resulting from installation of a median in an existing highway. The damages in the case under consideration are those resulting from change in the "traffic flow", not deprivation of "access" as in Stubbs and Anhoco.
In the Anhoco case, the right of access was destroyed, not merely regulated (Anhoco Corporation v. Dade County, supra, opinion page 798). In Stubbs, a portion of Firestone Road "fronting on Respondents' land" (Department of Transportation v. Stubbs, supra, opinion page 2) was actually abandoned. Firestone Road itself, where it abutted the Stubbs' property, was closed to all traffic at a point just south of the northern boundary of their land, and was also closed at a point approximately three blocks south of the Stubbs' property. What was left of the original Firestone Road, so far as the Stubbs were concerned, was an approximately three block long stretch of the old Firestone Road, which no longer fully *1093 fronted on their property. Acess to this remaining portion of Firestone Road was provided by means of an overpass crossing over Interstate 295, connecting with Firestone Road at points north and south of the Stubbs' property. True, there was still "access", although their property was placed in a "cul-de-sac" (Stubbs, opinion page 3); but they were also deprived of a portion of their "access" directly by the taking.
Furthermore, in both Stubbs and Anhoco the court emphasized that the takings were for "limited access facilities" under Section 338.04, Florida Statutes. In the Stubbs' opinion the court said:
"In Florida, F.S., Section 338.04, F.S.A., provides for the taking of `private or public property and property rights for limited access facilities and service roads, including rights of access... .' In Anhoco Corporation v. Dade County, 144 So.2d 793 (Fla. 1962), at 798, we held that the Legislature `specifically required' compensation for a destroyed right of access under the provision of that Section...." (285 So.2d at page 2)
Since the taking in the case now before the court was not for a "limited access facility", (Cf. Section 334.03 Definitions of words and phrases.  (4) "Limited access facility".), the language of the Stubbs and Anhoco opinions cannot be treated as wholly applicable.
Here there is no "destroyed right of access" such as was present in both Anhoco and Stubbs. It is clear from the opinion of this court in Stubbs v. State Department of Transportation, 265 So.2d 425 (Fla. 1st DCA 1972), affirmed State Department of Transportation v. Stubbs, supra, that the key factor in these cases is the actual loss of "access", incident to the construction of a limited access highway, not mere regulation or interference with traffic flow. Boney v. State Department of Transportation, 250 So.2d 650 (Fla. 1st DCA 1971), relied upon by this court in its Stubbs decision (265 So.2d 425) was a case dealing with destruction of a pre-existing right of access, that is, the right to use one direction of an unopened and undedicated street bordering the appellant's property. In the Boney decision the court cited Benerofe v. State Road Department, 210 So.2d 28 (Fla. 1st DCA 1968), as authority. It is notable that Benerofe denied compensation for loss of access because there was no "limited access" taking such as would authorize recovery under the Anhoco line of decisions. It is therefore clear that a distinction has been made in awarding or denying damages in the so-called "access" cases based upon whether the taking is or is not incident to construction of a "limited access facility" under Section 338.04, Florida Statutes.
The majority opinion cites Simkins v. City of Davenport, 232 N.W.2d 561 (Iowa 1975). Although that case involved a claim of damages based in part upon the installation of median strips (much as in the case at bar), the decision appears to have turned upon whether the jury was properly instructed upon the purpose for which they might consider evidence of the existence of the median strips. In the jury instruction, the trial court in effect instructed the jury not to consider the existence of the median strips as a factor in determining the value of the property after condemnation, but instructed them that they might give consideration to their existence for their bearing upon "whether the reduction in means of ingress and egress at the respective curb lines of his property was unduly impaired or lessened" (opinion page 564). In affirming the trial court both upon the question of admissibility of the evidence pertaining to the medians, and the jury instruction, the Supreme Court of Iowa stated the law to be as follows:
"Granted the installation of median strips for the purpose of regulating the flow of traffic is within the exercise of police power, the question is whether in a given circumstance a particular action of the condemning authority in the exercise of that power was proper and reasonable. It must not amount to taking of property without due process of law... ." (Simkins v. City of Davenport, opinion page 566).
The rationale of the Simkins decision seems to be that if the regulatory measure, such *1094 as median strips, substantially deprives the owner of his reasonable or convenient access to his property, then evidence of the existence of the median strips would be admissible, not as a substantive element of damages, but for the purpose of showing that the particular exercise of the police power in installing the medians "was so arbitrary and unreasonable as to be beyond the police power of the condemning authority" (Simkins, opinion page 566). Therefore, concluded the Iowa court, the trial judge was correct in admitting evidence of the existence of the median strips "for the limited purpose permitted by its instructions" (opinion page 566).
Perhaps the question involved in the Simkins case might have been raised here. However, it was not. In this case appellant complains of the trial court's denial of admissibility of evidence for the purpose of showing damages to the property caused by "impairment of access thereto by reason of the construction of a concrete median ...".[1] Appellant further complained of failure of the trial court to give the following requested jury instruction:
"In determining whether there has been a substantial impairment of access to the defendants' remaining property, you may consider, as one factor, the effect on access to the remaining property which the proposed median in Thomasville Road may have."
Thus, appellant made no attempt to have the evidence pertaining to the median, nor the instruction relating thereto, confined to the question of whether the installation of the medians was so arbitrary and unreasonable as to be beyond the police power of the condemning authority, hence sustainable only by the payment of compensation.
The damages of which appellant complains in this case are caused by the installation of the median, not the taking. The citations of authority submitted by appellee convince me that the overwhelming weight of authority holds that such damages are not compensable. There is no justification for allowing consideration of damages by virtue of the median in this case, while denying recovery of such damages by other owners merely because there is no incidental "taking" of any portion of their property. The decision in this case will, I believe, open the door to recovery of damages in eminent domain for changes in the regulation and flow of traffic.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Quote is from appellant's Statement of Judicial Acts to be Reviewed.