397 So.2d 682 (1981)
DIVISION OF ADMINISTRATION, STATE DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
CAPITAL PLAZA, INC., Respondent.
No. 58464.
Supreme Court of Florida.
April 16, 1981.
*683 H. Reynolds Sampson, General Counsel, and Margaret-Ray Kemper, Appellate Atty., Tallahassee, for petitioner.
David W. Foerster of Foerster & Hodge, Jacksonville, for respondent.
McDONALD, Justice.
We have for review a decision[1] wherein a district court held that a jury should be allowed to consider evidence regarding substantial impairment of access due to the construction of a median strip when considering severance damages in relation to a condemnation. We have jurisdiction,[2] and, for the reasons set out below, we quash the district court decision.
Through eminent domain proceedings, the Department of Transportation (DOT) acquired a strip of land owned by Capital Plaza, Inc. (Capital), to be used in widening a road. Following reconstruction, the road, formerly two lanes with no median, had six lanes divided by a raised four-foot-wide median. Due to the median, northbound drivers can no longer turn across traffic directly into Capital's service station.
The trial court denied Capital's request to introduce evidence of damages to the remainder of the property caused by decreased access. The district court reversed, holding that the jury should have been allowed to consider evidence relating to free access by northbound traffic. In reaching its decision, the court relied on State Department of Transportation v. Stubbs, 285 So.2d 1 (Fla. 1973). We find, however, that Stubbs, does not control the instant situation.
In Stubbs this Court stated that "[e]ase and facility of access constitute valuable property rights for which an owner is entitled to be adequately compensated." 285 So.2d at 3. Stubbs held that section 388.04, Florida Statutes (1971), requires jury consideration of severance damages where there is a direct physical taking of property for the construction of a limited access road. The instant case is distinguishable from Stubbs because the road involved here is not a limited access facility governed by section 338.04.
Instead, the instant case concerns alleged damages resulting from a change in the flow of traffic, not a deprivation of access. There is still free, unimpeded access to Capital's service station albeit only by southbound traffic. Although the holding in Stubbs is not applicable here, that case does provide guidance. The Stubbs Court also said that "`access' as a property interest does not presently include a right to traffic flow even though commercial property might very well suffer adverse economic effects as a result of a diminution in traffic." 285 So.2d at 4. Thus, this state has joined the numerous other jurisdictions which have found that a landowner has no property right in the continuation or maintenance of traffic flow past his property. See Annot. 73 A.L.R.2d 689, § 4 (1960); 2A Nichols Eminent Domain § 6.445 (rev. 3d ed. 1979).
When less than the entire property is taken, compensation for damage to the remainder can be awarded only if such damage is caused by the taking.[3] Here, DOT constructed the median within its previously owned right of way. Construction of the median, not the taking, caused the alleged damage. Severance damages are not available for a change in traffic flow.
We hold that landowners have no compensable interest in traffic flow and that, in order to receive severance damages, any complained-of impairment must result directly from a taking. The district *684 court opinion is quashed with directions to affirm the trial court ruling.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Capital Plaza, Inc. v. Division of Adm., State Dep't. of Transp., 381 So.2d 1090 (Fla. 1st DCA 1979).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] § 73.071(3)(b), Fla. Stat. (1979). Stubbs phrased the issue as "whether there has been a substantial diminution in access as a direct result of the taking." 285 So.2d at 3.