No. 80-438

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

THE COUNTY OF McCONE, STATE OF
MONTANA, and the TOWN OF CIRCLE,
MONTANA, acting by and through
THE TOWN OF CIRCLE-COUNTY OF
McCONE JOINT AIRPORT BOARD, a
Public Agency,

                              Plaintiffs and Respondents,

    vs.

MATTHEW E. JAMES and JUDITH A.
JAMES, husband and wife, with a
mortgage held by the UNITED STATES
DEPARTMENT OF AGRICULTURE,

                              Defendants and Appellants.

---

Appeal from:  District Court of the Seventh Judicial District,
              In and for the County of McCone
              Honorable Leonard Langen, Judge presiding.

Counsel of Record:

    For Appellants:

        Gene Huntley argued, Baker, Montana
        R. W. Heineman argued, Wibaux, Montana

    For Respondents:

        Lucas and Monaghan, Miles City, Montana
        Thomas Monaghan argued, Miles City, Montana
        Robert Hoover argued, Circle, Montana

---

                    Submitted:  March 2, 1982

                    Decided:    JUN 24 1982

Filed:  JUN 24 1982

_Thomas J. Kearney_
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Matthew and Judith James, defendants and appellants herein, appeal from a judgment entered in the District Court of the Seventh Judicial District of the State of Montana, in and for the County of McCone.

The respondents in this action, the County of McCone, State of Montana, and the Town of Circle, Montana, acting by and through the Town of Circle-County of McCone Joint Airport Board, a public agency, commenced an action to condemn approximately 20.45 acres of land owned by the appellants, Matthew and Judith James, husband and wife, for the public purpose of enlargement of a public airport owned and operated by respondents.

On April 24, 1980, a necessity hearing was held wherein the court determined that the purpose sought was public and that the land was necessary and ordered condemnation of the land. The preliminary order of condemnation was issued on April 26, 1980.

Thereafter, a commissioners' hearing was held to ascertain and determine the amount to be paid to the appellants by reason of the appropriation. The commissioners awarded the landowners $91,900 for the taking.

On May 13, 1980, the respondents appealed the assessment of the commissioners to the District Court, and a jury trial commenced on June 9, 1980.

Prior to the commencement of the trial on damages, counsel for the Airport Board presented a motion in limine to the District Court. The motion sought to limit evidence on five different areas, including the following:

> "3. That the abandonment of those parts of the east-
> west north-south county roads which form the inter-
> section at the corner of sections 11, 12, 13, and 14,
> Township 19 North, Range 48 East, M.P.M. McCone
> County, Montana, causes any damage to the remainder
> of defendants' property after the taking of the
> 20.45 acres of land in this eminent domain proceed-

ing for the reason that it is the rule of law in
Montana that country roads are created by law for
the public and the owner of land abutting on a
country road (county road) has no property or
other vested right in the continuance of it as a
country road at public expense, in the absence of
deprivation of ingress and egress. That the
defendants have adequate ingress and egress to
the remainder of their property after the taking
of the 20.45 acres of land and the abandonment
of the portions of the county road noted. State
v. Hoblitt, 87 Mont. 403, 288 P. 181; State v.
Peterson, 134 Mont. 52, 328 P.2d 617; State v.
Lahman, 172 Mont. 480, 565 P.2d 303; and Wynia
v. City of Great Falls, ___ Mont. ____, 600 P.2d
802."

The District Court granted the motion in limine.

Appellants then made an offer of proof with respect to the
District Court's ruling to show that the remaining access to
appellants' land was inadequate and unreasonable. The appel-
lants contended that the only access to this section of land was
circuitous and dangerous. The road crossed railroad tracks in
such a way that it prevented the appellants from enjoying the
highest and best use of the land. The testimony revealed that
the highest and best use of the land was commercial and residen-
tial and appellants had been selling acreages for these purposes
for a number of years. Further, the District Court ruling had
excluded testimony from a real estate appraiser regarding damage
to the remainder of the appellants' property as a result of the
condemnation. The testimony of the appraiser was that the remain-
ing acreage (120 acres) had been depreciated by approximately
$1,000 per acre. This evidence had been accepted at the commis-
sioners' hearing.

At the end of the trial, the jury awarded appellants the
sum of $40,388.75 for the 20.45-acre tract of land and $4,110
for the depreciation of value which would accrue to the re-
mainder of the appellants' land.

The sole issue on appeal is whether the District Court
erred in granting plaintiffs' motion in limine regarding damages

-3-

for impairment of access to the remaining land of the defendants.

The District Court erred when it granted plaintiffs-respondents' motion in limine. The court, by granting the motion, prevented the trier of fact--the jury--from receiving all the relevant evidence pertaining to the change in value of the appellants' land as a result of the condemnation. Further, the cases which were used do not wholly comport with the vast majority of jurisdictions on the narrow issue of what evidence should go before the jury.

The cases of State v. Hoblitt (1930), 87 Mont. 403, 288 P. 181; State v. Peterson (1958), 134 Mont. 52, 328 P.2d 617; State v. Lahman (1977), 172 Mont. 480, 565 P.2d 303; and Wynia v. City of Great Falls (1979), ___ Mont. ___, 600 P.2d 802, 36 St.Rep. 1589, were cited by the District Court as authority for the granting of the motion in limine. While each of these cases is somewhat different factually, they all, in part, conclude that:

> "The owner of land abutting on a highway established by the public has no property or other vested right in the continuance of it as a highway at public expense, and, at least in the absence of deprivation of ingress and egress cannot claim damages for its mere discontinuance, although such discontinuance diverts traffic from his door and diminishes his trade and thus depreciates the value of his land." State v. Hoblitt, 288 P. at 184.

These cases hold that a jury cannot receive evidence concerning a diminution in the value attributed to a traffic flow past the business enterprise without a corresponding deprivation of ingress and egress.

The rule followed by approximately forty jurisdictions was perhaps best summarized by the Florida Supreme Court in Capital Plaza, Inc. v. Division of Administration, State Dept. of Trans. (Fla. 1979), 381 So.2d 1090 (while citing State Department of Transportation v. Stubbs (Fla. 1973), 285 So.2d 1), where it held:

> "The important question is whether there has been a substantial diminution in access as a direct result of the taking. What is 'substantial' is a question of fact posing practical problems of proof for the jury's consideration. Where some right of access is still available, as would appear in the cause under consideration, it is for the jury to determine whether the resulting damages are nominal or substantial. See State Road Department of Florida v. McCaffrey [(Fla.App. 1969), 229 So.2d 668], supra; Stoebuck, supra, at 765.
>
> "The court went on to point out in Stubbs that 'access' as a property interest does not include a right to traffic flow even though commercial property might suffer adverse economic effects as a result of a diminution in traffic. It held that one has a right to introduce evidence at trial of severance damages resulting from physical impairment of access rather than for an impairment in 'traffic flow.'" 381 So.2d at 1092.

See: Nichols on Eminent Domain, Vol. 2, section 5.72; Art. II, Section 29, 1972 Mont. Const.

Here, the appellants should have been allowed to present evidence of the alleged decreased value of their land, as a result of the condemnation, to the jury. It is for the trier of fact to determine if the change in access has caused a substantial or negligible change in the value of the condemnee's land.

The judgment is vacated, reversed and remanded for a new trial with the above instructions.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-