647 So.2d 819 (1994)
WEAVER OIL CO., Petitioner,
v.
CITY OF TALLAHASSEE, Respondent.
No. 81917.
Supreme Court of Florida.
December 15, 1994.
*820 Joe W. Fixel, Tallahassee, and Alan E. DeSerio and S. Cary Gaylord, Brigham, Moore, Gaylord, Schuster & Merlin, Tampa, for petitioner.
Edwin R. Hudson and Scott W. Foltz, Henry, Buchanan, Mick, Hudson & Suber, P.A., Tallahassee, for respondent.
Robert I. Scanlan, Asst. Atty. Gen., Tallahassee, amicus curiae, for Robert A. Butter-worth, Atty. Gen.
OVERTON, Justice.
We have for review City of Tallahassee v. Boyd, 616 So.2d 1000 (Fla. 1st DCA 1993), in which the district court held that Weaver Oil could not recover statutory business damages for loss of access to its property caused by improvements constructed on the public right-of-way. The district court then certified the following question:
DOES SECTION 73.071, FLORIDA STATUTES, PERMIT A CLAIM FOR STATUTORY BUSINESS DAMAGES FOR AN ALLEGED SUBSTANTIAL IMPAIRMENT OF ACCESS RESULTING FROM GOVERNMENTAL CONSTRUCTION ON EXISTING RIGHT-OF-WAY ABUTTING THE OWNER'S PROPERTY, WHERE NO LAND IS TAKEN?
Id. at 1004. We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. We find that, under the circumstances presented by the instant case, the certified question must be answered in the negative.
The record reveals the following facts. Weaver Oil Company is the lessee of property on the corner of Ocala Road and Tennessee Street in Tallahassee where it operates a high-volume gas station and convenience store. To facilitate the widening of Ocala Road, the City of Tallahassee instituted a condemnation action against the fee owners *821 of the Weaver Oil property. Through this action, the City took a 14-foot wide strip of land along the Ocala Road frontage of the Weaver Oil property. The City, Weaver Oil, and the fee owners stipulated to the amount of all damages related to the taking of the Ocala Road frontage with the exception of any statutory business damages allowed under section 73.071(3)(b), Florida Statutes (1987).
Concurrent with the widening of Ocala Road, the City of Tallahassee constructed a grass traffic control island in the Tennessee Street right-of-way adjacent to the Weaver Oil property. Prior to construction of the new traffic control island, Weaver Oil had two means of access from Tennessee Street to its property. Because of the configuration of the traffic control island on the City right-of-way, one of the two means of access was reduced in width from 44 feet to 27 feet at its narrowest point. It is important to note that the reduction in the width of Weaver Oil's means of access from Tennessee Street was in no way related to the taking of any of Weaver Oil's land adjacent to Ocala Road and that the traffic control island was constructed entirely on City-owned right-of-way.
At trial, Weaver Oil maintained that it was entitled to business damages under section 73.071 because it had suffered a compensable taking of its right of access from Tennessee Street and that business damages resulting from this taking were appropriate under the statute. Weaver Oil did not assert the right to business damages resulting from the taking of its land adjacent to Ocala Road. The City of Tallahassee responded that section 73.071 allows business damages only when the damages result from the taking of land as opposed to a right of access and noted that none of Weaver Oil's land had been taken to construct the traffic control island. The trial judge accepted the position of Weaver Oil and submitted the business damages issue to the jury, with Weaver Oil's instructions on the law, and the jury returned a verdict awarding Weaver Oil $94,000 in business damages.
On appeal, the First District Court of Appeal held that business damages were a matter of "statutory largesse" and that any ambiguity in the statute had to be resolved "against the claim of business damages." 616 So.2d at 1002-04. The district court reversed the Weaver Oil judgment and directed the trial court to enter a directed verdict for the City.
Before we answer the certified question, we need to first address its underlying assumption that Weaver Oil suffered a "taking" of its right of access from Tennessee Street. In Anhoco Corp. v. Dade County, 144 So.2d 793, 798 (Fla. 1962), this Court held that a property owner is entitled to damages for the total destruction of his right of access. In so holding, the Court acknowledged and approved the general rule that a taking does not occur when government merely regulates access to property under its police power. We stated:
We are not here confronted by the exercise of the police power to regulate the flow of traffic or to control the operation of traffic or to prescribe reasonable limitations on the number of driveway's or access facilities that might be allowed an abutting owner adjoining a land service highway. Admittedly, such regulations as prohibiting U turns or left turns, or establishing one-way traffic or specifying the location of driveways in and out of abutting property are all the subject of police regulations which require no compensation to abutting owners.

Id. (emphasis added). While this Court has determined that a taking has occurred when a landowner has suffered an unreasonable interference with the access to an existing street, see Palm Beach County v. Tessler, 538 So.2d 846 (Fla. 1989); State Dep't of Transp. v. Stubbs, 285 So.2d 1 (Fla. 1973); Benerofe v. State Road Dep't, 217 So.2d 838 (Fla. 1969); Anhoco, we have continued to adhere to the general rule set forth in Anhoco and have expressly rejected the contention that a "taking has occurred when any portion of the access has been eliminated." Tessler, 538 So.2d at 847 (emphasis added). It is important to emphasize again what we stated in Tessler: a taking may occur where there is a "substantial loss of access," but "the fact that a portion or even all of one's access to an abutting road is destroyed does not constitute *822 a taking unless, when considered in light of the remaining access to the property, it can be said that the property owner's right of access was substantially diminished." Id. at 849 (emphasis added).
We find that under the uncontroverted facts in this case Weaver Oil suffered no substantial loss of access from Tennessee Street as a matter of law. The City's construction of a traffic control island on City owned right-of-way is a valid exercise of the police power. Furthermore, the reduction in width of one of Weaver Oil's means of access occasioned by the construction of the traffic control island is likewise a valid exercise of the police power not unlike the power to establish one-way roads, location of drive-ways, and prohibitions against U turns approved by this Court in Anhoco. Because of these facts, this case is more analogous to Division of Administration v. Capital Plaza, Inc., 397 So.2d 682 (Fla. 1981) (no taking of access occurred when the governing body constructed an impassable median in the center of the street adjacent to a service station), than it is to Tessler and its predecessors. We find that the construction of a traffic control island in the instant case on City-owned right-of-way was a proper exercise of the police power and that there was no taking for which business damages may be claimed under section 73.071(3)(b).
Because there was no taking of Weaver Oil's right of access, it necessarily follows that there is no basis for a claim for business damages under section 73.071(3)(b), Florida Statutes (1987).[1] However, even if there had been a taking of Weaver Oil's right of access, the statute does not provide for business damages because the statute requires that the business damages arise from a taking of land. We have previously made clear that the legislature intended for section 73.071(3) to permit business damages only when there has been a partial taking of land. In State Road Department v. Lewis, 170 So.2d 817 (Fla. 1964), this Court held that a partial taking of access would not support business damages. The Court stated:
It [the business damages statute] only operates in the condemnation of a right of way where the effect of the taking of the property itself may damage or destroy an established business of more than five years standing, in which event the jury shall only consider what effect the denial of the use of the specific property taken has upon the said business and award special damages. These special business damages authorized by the statute are predicated upon the effect the taking of an owner's land for a right of way has upon such a business and not upon the effect the construction of an overpass or other change of grade of a roadway has upon such business.
Id. at 819 (emphasis added). The business damages claim in the instant case was based solely on the construction of a traffic control island entirely within the City's right-of-way that had the effect of narrowing one of Weaver Oil's two Tennessee street drive-way entrances from 44 feet to 27 feet. There was no land taken that resulted in damage to the business, and, consequently, there can be no claim for business damages in these circumstances.
Accordingly, we find that the modification in the driveway access in this instance was a proper exercise of the police power, that there was no taking of property as a result of the change of access, and that statutory business damages under section 73.071 may not be recovered unless such business damages are caused by a partial taking of *823 land. We answer the question in the negative and approve the decision of the district court.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 73.071(3)(b) states, in pertinent part:

(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
... .
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause.
(Emphasis added.)