DAUKSCH, Judge.
This is an appeal from a judgment in an inverse condemnation case. At issue is whether the improvements to a roadway abutting appellee’s property constituted a compensable taking of real property. We reverse.
Appellant widened the road and constructed curbs where none had existed. The widening of the road is not the harm; it’s the construction of the curb. Previously, appel-lee enjoyed, but had no legal right to, a eurbless entry onto his property and this resulted in some places to park for his invitees. After the curbwork only a driveway entrance remained and the ears could no longer pull into the property and back out into the roadway. Access was diminished but not eliminated. Some parking was either eliminated or made very difficult.
If appellees had lost access to their property then they would be entitled to compensation. See Palm Beach County v. Tessler, 588 So.2d 846 (Fla.1989); State Dep’t of Transp. v. Stubbs, 285 So.2d 1 (Fla.1973); Benerofe v. State Road Dep’t, 217 So.2d 838 (Fla.1969); Anhoco Corp. v. Dade County, 144 So.2d 793 (Fla.1962). But because appellees only suffered a limitation of access, to which they had no property right, they have no legal right to compensation for a taking. Rubano v. Dep’t of Transp., 656 So.2d 1264 (Fla. 1995); Weaver Oil Co. v. City of Tallahassee, 647 So.2d 819 (Fla.1994); Division of Administration, State Dep’t of Transp. v. Capital Plaza, Inc., 397 So.2d 682 (Fla.1981).
The judgment is reversed.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.